# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 JONATHAN J. HINES**
**United States Army, Appellant**

ARMY 20140890

Headquarters, U.S. Army Alaska
Samuel Schubert, Military Judge (arraignment)
Craig S. Denney, Military Judge (trial)
Colonel Erik L. Christiansen, Staff Judge Advocate

For Appellant: Major Andres Vazquez, Jr., JA; Captain Cody Cheek, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA, Lieutenant Colonel A. G. Courie III, JA; Major Michael E. Korte, JA, Captain Tara O'Brien Goble, JA (on brief).

28 November 2016

--------------------------------
SUMMARY DISPOSITION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of sexual assault of a child and sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for fifteen months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raised four assignments of error, but because the military judge did not authenticate the record of trial and both the staff judge advocate's recommendation and the convening authority's action were based on an unauthenticated record of trial, we do not address appellant's assignments of error.

The record of trial in this case includes two pages for authentication of the record, the first is signed by the military judge who conducted the arraignment; it is dated 24 March 2015. The second page, for the military judge who conducted the remainder of the court-martial, is not signed, but has the dates 23 and 25 March *2014* written in blue ink.

This court reviews de novo questions of whether post-trial processing was completed correctly. *United States v. Sheffield*, 60 M.J. 591, 593 (C.A.A.F. 2004). Rule for Courts-Martial 1104 states a record is authenticated by the signature of the military judge. "The requirement for authentication is, in fact, so longstanding that [over half] a century ago the Judge Advocate General of the Army ruled that 'there is no record of trial until the record has been properly authenticated.'" *United States v. Hill*, 47 C.M.R. 397, 398-99 (U.S.C.M.A. 1973) (internal citations omitted). "[I]t is error for the staff judge advocate to submit an advice to the convening authority based upon a review of an unauthenticated record of trial." *Id.* Because the military judge who presided over the majority of the court-martial did not authenticate the record of trial, and the staff judge advocate's recommendation and the convening authority's action were based on the unauthenticated record, we find error.

## CONCLUSION

The convening authority's action, dated 29 May 2015, is set aside. The record of trial is returned to The Judge Advocate General for authentication and a new review and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2